UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUPE G., | ) | Case No. 5:22-cv-01915-SP |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| MARTIN O'MALLEY, Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

## I.
## INTRODUCTION

On October 28, 2022, plaintiff Lupe G. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability and disability insurance benefits ("DIB"). The parties have fully briefed the issue in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision, whether the administrative law judge ("ALJ") properly developed the record and assessed her residual functional capacity ("RFC"). Memorandum in Support of Plaintiff's Complaint ("P. Mem.") at 8; *see* Commissioner's Responsive Brief ("D. Mem.") at 1.

1

Having carefully studied the parties' memoranda, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ properly assessed plaintiff's RFC. Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was 55 years on her alleged disability onset date. AR at 104. Plaintiff has a high school education, completed vocational school for accounting, and has past relevant work as a first aid attendant. AR at 87, 114, 265.

On June 26, 2020, plaintiff filed an application for a period of disability and DIB due to brain tumor, diabetes, and high blood pressure. AR at 105. The application was denied initially on October 19, 2020 and upon reconsideration on March 17, 2021, after which plaintiff filed a request for a hearing. AR at 110, 116.

On September 23, 2021, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. AR at 61-86. The ALJ also heard testimony from David Van Winkle, a vocational expert. AR at 86-90. On November 2, 2021, the ALJ denied plaintiff's claim for benefits. AR at 36-45.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since October 3, 2018, the amended alleged onset date. AR at 38.

At step two, the ALJ found plaintiff suffered from the severe impairments of meningioma status post-surgery, diabetes mellitus, and polyneuropathy. AR at 39.

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1. *Id.*

The ALJ then assessed plaintiff's RFC, and determined plaintiff had the RFC to perform medium work as defined in 20 CFR § 404.1567(c) with the following limitations:

> [T]he claimant can occasionally stoop, kneel, crouch, and crawl. The claimant can occasionally climb ramps or stairs. The claimant can never climb ladders, ropes, or scaffolds. The claimant can perform unskilled work of a routine, repetitive nature, consistent with [Dictionary of Occupational Titles] reasoning levels 1 and 2.

AR at 40.

The ALJ found, at step four, that plaintiff was unable to perform any past relevant work. AR at 43.

At step five, the ALJ found there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including sandwich maker and hand packager. AR at 44. Consequently, the ALJ concluded plaintiff had not been under a disability, as defined in the Social Security Act, from October 21, 2018, through the date of the decision. AR at 45.

Plaintiff filed a timely request for review of the ALJ's decision, which the Appeals Council denied. AR at 8-11. The ALJ's decision stands as the final decision of the Commissioner.

## III.
## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a

reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## DISCUSSION

### A. The RFC Assessment Is Supported by Substantial Evidence

Plaintiff first contends the ALJ's RFC determination was not supported by substantial evidence because the ALJ rejected all of the medical opinions and formulated an RFC based on his lay interpretation of the medical evidence. P. Mem. at 9-11.

"[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). An ALJ must consider all relevant evidence and resolve conflicts in the medical evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). But an ALJ may not act as his own medical expert since he is "simply not qualified to interpret raw medical data in functional terms." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999); *see Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (ALJ should not make his "own exploration and assessment" as to a claimant's impairments). Rather, the ALJ's assessment must be supported by substantial evidence.

"When an ALJ rejects all medical opinions in favor of his own, a finding that the RFC is supported by substantial evidence is less likely." *Stairs v. Astrue*, 2011 WL

318330, at *12 (E.D. Cal. Feb.1, 2011).  But although the ALJ here found medical opinions in the record to be of limited persuasiveness or not persuasive (*see* AR at 42-43), this is not a situation in which the ALJ independently interpreted raw medical data such as MRIs and discounted the medical opinions in favor of an entirely less restrictive RFC.  Instead, the ALJ considered the medical evidence and in certain cases assessed equivalent or greater limitations than opined by plaintiff's doctors.  Specifically, the ALJ included additional mental restrictions in plaintiff's RFC, and included the same postural limitations that were assessed by the state agency physicians.  AR at 42-43, 93-102, 104-116.

      As defendant notes, the primary difference between the ALJ's RFC determination and the state agency physicians' was that the ALJ found plaintiff had the capacity to perform medium work, whereas the state agency doctors opined she should be limited to light work.  *Id.*; *see* D. Mem. at 2.  In making his determination, the ALJ found the longitudinal record available at the hearing level, including plaintiff's testimony, was not consistent with a limitation to light work.  AR at 42.  The ALJ specifically explained that plaintiff's "normal examination findings, including a normal gait, full orientation, and intact cognitive function; her improved diagnostic imaging of her brain after surgery; her improved function after surgery and her reports of improved depression and resolved confusion; her ability to fully perform her activities of daily living by November 2019; and her subjective complaints are consistent with a limitation to work at the medium exertional level . . . ."  AR at 42 (citing AR at 343, 425-26, 432, 435, 438, 527, 548-55, 583, 597, 602-14).

      Importantly, the ALJ cited plaintiff's hearing testimony, which included testimony that in or around 2020, she performed jobs that required lifting 50 pounds or more at a time.  AR at 42; *see* AR at 73-76, 83-84.  When the ALJ asked her how he was to reconcile this testimony with her previous statement that the heaviest object she could lift and carry from one side of the counter to the other was a gallon of milk, plaintiff responded, "Maybe because at work I was at work and at home it is different.  Work you

have to be at work, doing your job. At home, you know, you are doing your moving at your pace. At work you got to be working as a worker. People are watching you." AR at 83-84. After considering the medical record and plaintiff's testimony, the ALJ concluded that plaintiff's subjective complaints were consistent with a limitation to work at the medium exertional level, which "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

In sum, though plaintiff may disagree with the ALJ's RFC determination, it was a rational interpretation of the record and supported by substantial evidence.

**B.     The ALJ Did Not Have a Duty to Further Develop the Record**

Plaintiff also argues that the ALJ failed to cure gaps in the record and further develop the record. P. Mem. at 11-15. Specifically, plaintiff contends the ALJ's finding that the medical opinions in the record were of limited persuasiveness or not persuasive resulted in gaps in the record, and that instead of filling those gaps with an informed decision from a medical expert, the ALJ erroneously substituted his own lay opinion. *Id.*

Plaintiff has the burden of "furnish[ing] medical and other evidence that [the Commissioner] can use to reach conclusions about [plaintiff's] medical impairments(s)." *Mayes*, 276 F.3d at 459 (quoting 20 C.F.R. § 404.1512(a)). Plaintiff may not shift his burden of production to the ALJ. *Id.*; *see also* 42 U.S.C. § 423(d)(5). When the record is ambiguous, the Commissioner has a duty to develop the record. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005); *see also Mayes*, 276 F.3d at 459-60 (ALJ has a duty to develop the record further only "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence"); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of [a doctor's] opinion[ ] in order to evaluate [it], he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physician[ ] or submitting further questions to [him or her]."). This may include retaining a medical expert or ordering a consultative examination. 20 C.F.R. § 404.1519a(a). The Commissioner may order a consultative

examination when trying to resolve an inconsistency in evidence or when the evidence is insufficient to make a determination. 20 C.F.R. § 404.1519a(b).

Here, the ALJ did not find the record to be ambiguous or inadequate to allow for proper evaluation of the evidence. Plaintiff argues the ALJ's duty to further develop the record was nonetheless triggered by gaps in the record that were created when the ALJ found the medical opinions in the record less than fully persuasive. But while the ALJ did not find the state agency physicians' findings to be fully persuasive, he did find their opinions to be of limited persuasiveness, and his RFC determination adopted the same postural limitations opined by the state agency physicians. *See* AR at 42. The lack of a fully persuasive medical opinion does not mean the record was ambiguous or inadequate overall. Here, the ALJ's RFC determination was supported by numerous medical records and plaintiff's hearing testimony. *See* AR at 42 (citing AR at 343, 425-26, 432, 435, 438, 527, 548-55, 583, 597, 602-14).

In sum, in addition to the state agency physicians' findings, the record here contained plaintiff's extensive treatment notes and her hearing testimony. As such, and because the record was not ambiguous, the ALJ did not have a duty to develop the record further.

## V.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: March 27, 2024

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE